IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINIOIS
EASTERN DIVISION

=================================X
SoClean, Inc.

           Plaintiff,

   -against-

Does 1-861, As Identified in Exhibit 1

           Defendants.
=================================X

DEFENDANT D&G GOODS'S
ANSWER WITH COUNTER CLAIMS

Case No. 20-cv-06288

ANSWER TO PLAINTIFF'S COMPLAINT AND AFFIRMATIVE DEFENSES

Defendant D&G Goods d/b/a Blue Ridge Gardens through its undersigned attorneys answers the Complaint as set forth below. Unless specifically, admitted, Answering defendant denies each of the allegations in the Complaint including those answered with denials of the possession of knowledge to form a belief as to the truth or falsity thereof.

The Parties

1. Answering Defendant denies knowledge or information sufficient to form a belief as to the allegations in paragraph 1.

2. Answering Defendant denies knowledge or information sufficient to form a belief as to the allegations in paragraph 2 except admits that it is a corporation organized and existing under the laws of North Carolina.

3. Answering Defendant denies the allegations contained in paragraph 3 and refers all questions of law to the Court.

4. Answering Defendant denies the allegations complained in paraphs 4 through 7.

Jurisdiction and Venue

5. Answering Defendant denies all allegations contained in paragraphs 8 through 11 and refers all questions of law to the court.

Background Facts

6. Answering Defendant denies all allegations contained in paragraphs 12.

7 Answering Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 13.

8. Answering Defendant notes the absence of paragraph 14 from the Complaint.

9. Answering Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 15 and refers all questions of law to the Court.

12. Answering Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 16 through 22.

13. Answering Defendant denies the allegations contained in paragraph 23.

14. Answering Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 24.

15. Answering Defendant denies the allegations contained in paragraph 25 through 32.

Answering Count One: Federal Trademark Counterfeiting and Infringement
(15 U.S.C. Sec. 1114)

16. Answering Defendant repeats all responses as if set forth at length in response to paragraph 33.

17. Answering Defendant denies all allegations contained in paragraphs 34 through 37 and refers all questions of law to the Court.

Answering Count Two: Unfair Competition and False Designation of Origin
(15 U.S.C. Sec. 1125(a))

18. Answering Defendant repeats all responses as if set forth at length in response to paragraph 38.

19. Answering Defendant denies all allegations in paragraphs 39 through 43.

Answering Count Three: Illinois uniform Deceptive Trade Products<br>(815 ILCS 510)

20. Answering Defendant repeats all responses as if set forth at length in response to paragraph 44.

21. Answering Defendant denies all allegations contained in paragraphs 45 through 49.

AS AND FOR A FIRST AFFIRMATIVE DEFENSE:<br>THE FIRST SALE DOCTRINE

22. The allegations against the Answering Defendant in Plaintiff's Complaint are barred in whole or in part by the First Sale Doctrine.

23. Under the Lanham Act, retailers may resell trademarked items after they have been sold by the trademark owner.

24. Answering Defendant sold genuine products.

25. The products had been originally purchased from the trademark owner and/or an authorized reseller on Amazon.com's liquidation arm called Essex.

26. Upon information and belief;

- The trademark owner sold the products on Amazon to consumers.

- The consumers returned unused products to Amazon.

- Amazon resold the unused/unopened returns via Essex to defendant.

- Defendant, under the first sale doctrine, resold the products to consumers.

27. Answering Defendant's consumers thereby received genuine products, with appropriate use of trademarks and thereby their sales were protected by the first sale doctrine.

## AS AND FOR A FIRST COUNTER CLAIM

28. Answering Defendant's use of the subject mark(s) was descriptive of and used fairly and in good faith only to describe the Answering Defendant's goods as upon information and belief the products they sold were authentic products.

29. The Plaintiff has made false, disparaging and defamatory statements regarding the Answering Defendant which constitute Defamation and Defamation Per Se. These statements include but are not limited to; the Temporary Restraining Orders received by both eBay and PayPal.

30. As a result of the false, defamatory statements, answering defendant is unable to sell on Amazon and eBay.

31. As a result of the inability to sell, answering defendant has suffered a decrement of their online businesses, the exact amount to be provided by expert testimony.

32. While the exact amount will be provided by expert testimony, the value of an ongoing online business is decreased when its sales have been interrupted for any period of time.

Wherefore, based upon the foregoing, the Answering Defendant prays that this Court issue an Order denying the Plaintiff's prayer for relief in its entirety and granting it all other appropriate relief.

Dated: March 17, 2021

/s/ Cory Rosenbaum
Rosenbaum, Famularo & Segall, P.C.
By: Cory Jay Rosenbaum, Esq.
CJ@amazonsellerslawyer.com
138A East Park Avenue
Long Beach, New York
11561
212.256.1109